**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

MAURICE EDWARD RUBIN,

      Petitioner,

v.

DEAN MOONEY, Director of the Minnesota
Sex Offender Program,

      Respondent.

Civil No. 05-919 (RHK/RLE)

**ORDER**

---

### INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his confinement under Minnesota's civil commitment laws. (Doc. No. 1.) The matter was assigned to Magistrate Judge Raymond L. Erickson, who recommended that this action be dismissed, because Petitioner's claims were procedurally defaulted, and they were without merit in any event. (Report and Recommendation, ["R&R"], dated February 15, 2006, [Doc. No. 9].) By order dated March 14, 2006, (Doc. No. 12), the Court adopted the R&R, and ordered that the action be dismissed.

On April 11, 2006, Petitioner filed a document that has been construed to be both a Notice of Appeal and an application for a Certificate of Appealability. (Doc. Nos. 14 and 15.) Thus, the matter is presently before this Court to determine whether Petitioner should be granted a Certificate of Appealability that will allow him to prosecute an appeal.

**DISCUSSION**

A person in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any constitutional right. His petition for writ of habeas corpus was properly dismissed for the reasons set forth in the Magistrate Judge's R&R. Furthermore, the substantive claims that Petitioner apparently seeks to

2

raise on appeal have already been considered and rejected by the Eighth Circuit Court of Appeals in Poole v. Goodno, 335 F.3d 705 (8th Cir. 2003).

Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner is not entitled to a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's application for a Certificate of Appealability in this matter, (Doc. No. 15), is **DENIED**.

Dated: April 20, 2006

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge